**Ex parte Benjamin J. YOUNG.**

**No. 68083.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1983.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

TEAGUE, Judge.

This is a post-conviction habeas corpus proceeding under Art. 11.07, V.A.C.C.P., hereinafter cited as C.C.P. See *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967).

The facts show petitioner appeared before the trial court on November 15, 1978, charged with two offenses of aggravated robbery. Petitioner and his attorney entered into a plea bargain agreement with the prosecutor. In exchange for pleas of guilty, the prosecutor agreed to recommend to the trial court that petitioner's punishment would be assessed at 15 years' confinement in the Texas Department of Corrections, the two sentences to be served concurrently. After accepting petitioner's pleas of guilty, the plea bargain agreement was submitted to and approved by the trial court.

Petitioner contends that his pleas of guilty were not freely, knowingly and voluntarily entered, in that his trial counsel

**4**

advised him that his initial eligibility for parole on a 15 year sentence would be three years, when in fact it would be five years.

Art. 42.12, Sec. 15(b), C.C.P., provides in pertinent part:

... If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) [capital murder, aggravated kidnapping, aggravated rape, aggravated sexual abuse, or aggravated robbery] of this Article *or* if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article [that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court], he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less. (emphasis added)

Petitioner learned from the Board of Pardons and Paroles that the advice his attorney and another attorney gave him, and what he was led to believe during the plea of guilty proceedings, did not quite reach the plateau of what his trial attorney told petitioner's fiance: "It is like serving a hitch in the Army—he will be out within three years," for the Parole Board wrote the Director of the Texas Department of Corrections and advised him that petitioner's magic number was not "three" but actually was "five" due to the type offense petitioner had committed, to-wit: aggravated robbery.

It is axiomatic that a trial court may not accept a plea of guilty or nolo contendere in any felony case unless it appears that the plea is free and voluntary. In *Brady v. United States,* 397 U.S. 742, 747–48, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747

(1970), the Supreme Court, after pointing out that a plea of guilty involves the waiver of a number of constitutional rights, went on to say: "Waiver of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." See also Art. 26.13(b), C.C.P., which provides:

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

The trial court, in its findings of fact and conclusions of law in this cause, found, inter alia: "that Petitioner's attorney represented to Petitioner that he would be eligible for early parole upon conviction for aggravated robbery if the judgment contained no affirmative finding of fact that a deadly weapon was used. The Court further finds that his advice was incorrect and that the Petitioner entered his pleas of guilty to aggravated robbery in reliance upon this advice. The only possible conclusion that can be drawn as to the effect of the condition that no affirmative finding would be entered on the judgment is that the Petitioner would be eligible for early parole although that conclusion was erroneous."

The record in this cause amply supports these findings, establishing that petitioner's counsel erroneously advised petitioner that as long as no "affirmative finding of fact that he had a firearm" was entered, petitioner would be eligible for parole within three years, when in fact Art. 42.12, Sec. 15(b), *supra,* mandates that "good time" not be counted in determining parole eligibility for aggravated robbery convictions. By implication, from the record, the trial court also labored under this misunderstanding of the law in that he followed the "plea bargain" to *not* enter an affirmative finding that a deadly weapon was used.

Although parole eligibility is a collateral consequence of the entry of a plea of guilty and a defendant is not entitled to be informed of parole eligibility by the trial

court, see *Rose v. State,* 465 S.W.2d 147 (Tex.Cr.App.1971), if the defendant is grossly misinformed about his parole eligibility date by his attorney, and the defendant relies upon that misinformation to the extent that it induces him to plead guilty or nolo contendere, his plea may be rendered involuntary.

■ Although it is only natural for an individual pleading guilty to a felony to be concerned over his future parole date, see *Wade v. State,* 508 S.W.2d 851 (Tex.Cr.App. 1974), where the plea is based upon a promise, such promise may render the plea of guilty involuntary.

■ Petitioner has the burden of convincingly demonstrating that the misinformation significantly influenced him in deciding to plead guilty. This burden was met here by showing that parole eligibility so concerned petitioner that another attorney was involved, to "assure" petitioner that he would be eligible for parole in three years, before petitioner agreed to enter his plea.

Petitioner has proved that which he has alleged, that is, that his trial counsel gave him incorrect and misleading advice regarding his parole eligibility date, thus rendering his plea involuntary. We find that the trial court's conclusion that petitioner was induced to enter pleas of guilty based on this gross misinformation is correct.

Petitioner is ordered released from confinement in the Texas Department of Corrections and returned to the custody of the Sheriff of Bell County where he shall be allowed and permitted to replead in Cause Numbers 26,835 and 26,845.

ONION, P.J., and ODOM and CAMPBELL, JJ., dissent.