**Ex parte Billy K. EVANS.**

**No. 69364.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1985.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On October 4, 1982, pursuant to a plea bargain, applicant pled guilty to the felony offense of aggravated robbery. The trial court assessed punishment at ten years confinement in the Texas Department of Corrections.

Applicant contends that his plea of guilty was not voluntarily made because he relied upon his attorney's advice that he would be eligible for parole in eighteen to twenty months in entering his plea. Applicant as-serts that because of the nature of his offense he is not in fact eligible for parole until 40 months have elapsed and that his attorney's advice was erroneous. His attorney apparently told him that he would be eligible for parole after discharging one third of his sentence. This much is true under Art. 42.12, § 15(b), V.A.C.C.P. The attorney also told him that he could accumulate good time towards his sentence. This is also true under Art. 6181–1, V.A.C.S. Unfortunately, the attorney also told him that this good time would be taken into consideration in determining when he had served one third of his sentence, and therefore he could discharge (for purposes of parole) $\frac{1}{3}$ of his ten year sentence in eighteen to twenty months. This is not true under Art. 42.12, § 15(b) for the offense appellant pled guilty to.[1]

The convicting court held an evidentiary hearing and the trial judge entered findings of fact on applicant's claim. The trial judge found that: applicant was advised by his court appointed attorney that he would be eligible for good time and would be eligible for parole in eighteen to twenty months; that applicant relied upon his attorney's advice and was induced to enter his plea of guilty; and that the advice given applicant was erroneous. The trial court concluded that the plea of guilty was not freely and voluntarily made because he relied upon erroneous advice given him by

---

**1.** Article 42.12, § 15, V.A.C.C.P., provides in pertinent part:

"(a) The Board is authorized to release on parole any person confined in any penal or correctional institution who is eligible for parole under Subsection (b) of this Section. The Board may consider a person for release on parole if the person has been sentenced to a term of imprisonment in the Texas Department of Corrections, is confined in a jail in this state, a federal correctional institution, or a jail or a correctional institution in another state, and is eligible for parole under Subsection (b) of this Section. The department shall provide the Board with sentence time credit information on persons described in this Section. The period of parole shall be equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. All paroles shall issue upon order of the Board.

(b) A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less."

his counsel as to his eligibility for parole. We disagree and deny relief.[2]

One basic tenet of our criminal jurisprudence is that a guilty plea entered by a defendant must be freely, knowingly, and voluntarily entered. Art. 26.13, V.A.C. C.P.[3] and its precursors codify this due process requirement so that it is assured that each defendant who pleads guilty to a criminal offense does so with a "full understanding of charges and the consequences of his plea." *Basham v. State,* 608 S.W.2d 677 (Tex.Cr.App.1980). As stated in *Meyers v. State,* 623 S.W.2d 397, 401 (Tex.Cr. App.1981):

"The constitutional key to validity of a guilty plea is that it be voluntary and intelligently made and, if upon advice of an attorney, that counsel be reasonably competent and render effective assistance. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); see *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); cf. *Ex parte Harris,* 596 S.W.2d 893, 894 (Tex.Cr.App.1980); see also *Ex parte Bratchett,* 513 S.W.2d 851, 854 (Tex.Cr. App.1974)."

In deciding the voluntariness of a plea, courts intermingle the concepts of a knowing, intelligent or voluntary plea so that if a circumstance surrounding the plea or if a consequence of the plea is of a certain nature, the plea is said to be involuntary. The cases invalidating guilty pleas because of such circumstances or consequences can therefore be variously grouped under the broad heading of involuntary pleas.

Though not an exhaustive listing, pleas have been held to have been involuntary in the following situations:

<u>Conditional pleas</u>—As a matter of constitutional law, a guilty plea cannot be said to have been voluntary if it was induced by an agreement, approved by the court ... when that agreement could not be fulfilled. *United States v. Lopez,* 571 F.2d 1345 (5th Cir.1978); *United States v. Hill,* 564 F.2d 1179 (5th Cir.1977); *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr. App.1981).

<u>Plea bargain broken or not kept</u>—*Ex parte Holmes,* 687 S.W.2d 363 (Tex.Cr. App.1985); *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.1979); *Joiner v. State,* 578 S.W.2d 739 (Tex.Cr.App.1979); *Washing-*

---

2. This Court is not bound by the recommendations of the trial court. *Ex parte Bates,* 640 S.W.2d 894 (Tex.Cr.App.1982); *Ex parte Reed,* 610 S.W.2d 495 (Tex.Cr.App.1981); *Ex parte Ramirez,* 577 S.W.2d 261 (Tex.Cr.App.1979); and *Ex parte Williams,* 561 S.W.2d 1 (Tex.Cr.App. 1978).

3. Article 26.13, V.A.C.C.P., provides:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and neither the fact that the defendant had entered a plea of guilty or nolo contendere nor any statements made by him at the hearing on the plea of guilty or nolo contendere may be used against the defendant on the issue of guilt or punishment in any subsequent criminal proceeding; and

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

ton v. State, 559 S.W.2d 825 (Tex. Cr.App.1977); McFadden v. State, 544 S.W.2d 159 (Tex.Cr.App.1976); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Also, "... improper plea bargain renders the plea involuntary." Gibson v. State, 532 S.W. 2d 69 (Tex.Cr.App.1975), reh'g denied; Ex parte Huerta, 692 S.W.2d 681 (Tex.Cr. App.1985); Garcia v. State, 682 S.W.2d 581 (Tex.Cr.App.1985); and Ex parte Young, 644 S.W.2d 3 (Tex.Cr.App.1983).

Erroneous advice of an attorney—Defendant was admonished on the wrong punishment range (2 to 20 instead of 2 to 10) and would not have pled to 8 years had he known the actual punishment range. Smith v. State, 678 S.W.2d 78 (Tex.Cr.App.1984). But see, Hurwitz v. State (Tex.Cr.App. No. 742–84, delivered April 10, 1985) (Clinton, J., concurring).

Attorney's erroneous advice that the State had made a concession that was not, in fact, part of the plea bargain rendered the plea involuntary. This was not a broken plea bargain, rather a plea that was not knowing and intelligent under the standard of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). (Defendant's time in another county was supposed to run concurrently as part of the plea bargain.) Ex parte Griffin, 679 S.W.2d 15 (Tex.Cr. App.1984).

Defendant pled guilty on the advice of attorney to avoid a non-existent death penalty. Ex parte Burns, 601 S.W.2d 370 (Tex.Cr.App.1980).

Guilty plea was involuntary where the district attorney told pro-se defendant that he could withdraw his plea if the court gave greater punishment than the State recommended. McGuire v. State, 617 S.W.2d 259 (Tex.Cr.App.1981).

Attorney's misinformation to a client that the client was both eligible and a good candidate for probation, and trial judge implicitly led him to believe that he was both, when in fact he was not even eligible. Ex parte Kelly, 676 S.W.2d 132 (Tex.Cr.App.1984).

Erroneous advice of an attorney and/or judge—Guilty plea was involuntary where attorney told defendant he could appeal adverse ruling on written pre-trial motion after pleading guilty and signing judicial confession, when in fact, appeal on the issue was precluded by the signing of the judicial confession. Ex parte Stansbery (Tex.Cr.App. No. 69,274, delivered July 11, 1984) (Motion for Rehearing pending), and Monney v. State, 615 S.W.2d 776 (Tex.Cr.App.1981). In Mooney, supra, the judge also assured him he could appeal.

■ The rule that a guilty plea must be voluntary, especially as it concerns consequences, is not without limits, of course. As stated in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), "[t]he rule that a plea must be intelligently made to be valid does not [in order to be violated] require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision."

■ The case at hand involves erroneous advice transmitted to applicant from his attorney concerning applicant's future eligibility for parole if he accepted the plea bargain and entered a plea of guilty in return for the prosecutor's recommendation to the trial judge that the sentence be ten years. No overt sanctioning of this advice by the judge or the prosecutor appears in the record and it does not appear to have been a part of the plea bargain. We realize that it is common for the parties to play the guessing game of parole eligibility in plea negotiations. We decline, however, to elevate this common practice to the status of an element of the plea bargain without some further indication from the record evidencing that status. We conclude, then, that we are not dealing with a broken or impossible plea bargain situation.

The question for resolution, therefore, is: Is applicant's plea of guilty involuntary simply because his attorney relayed erroneous parole eligibility advice upon which applicant relied, at least in part, in pleading guilty?[4]

█ Adhering to the principles of Art. 26.13, supra, as enunciated in the Texas cases heretofore cited, we examine the importance that we wish to attach to parole eligibility vis-a-vis voluntariness of a guilty plea. We do so from the premise that some expectations of a defendant about the circumstances or consequences of his plea, though perhaps important to him, are just too speculative to warrant being given effect upon his guilty plea. It would be unimaginable to label a guildy plea in violation of Art. 26.13 because the defendant was misinformed about the quality of rehabilitation services or living conditions or working conditions or social conditions, etc., in prison. This is so, in large part, because these things, though important, commonly are subject to (and in fact often do) change. They are, at best, speculative both in general and as to a particular individual.

Likewise, parole becomes an important factor in the future of every actual and potential prison inmate. It is likely to be considered by most defendants as a factor that influences their decision to accept a particular offer of years from the State in exchange for a guilty plea. The criminal justice system accepts this, for the well known objectives of parole are laudatory. But eligibility for parole is a fluctual societal decision; highly subject to change. As stated in *Hill v. Lockhart*, 731 F.2d 568 (8th Cir.1984), *cert. granted,* — U.S. —, 105 S.Ct. 1745, 84 L.Ed.2d 811 (1985):

"Further reasons ... make it undesirable that claimed misadvice on parole eligibility render the plea involuntary. The petitioner's behavior and legislative and administrative changes in parole eligibility rules may effect this date. Every plea bargaining arrangement thus would be subject to reopening any time a defendant did not become eligible for parole at the time estimated."

Further, and more to the point, the actual *obtaining* of parole is even more elusive.

"Parole is very much a speculative proposition. Its happening is contingent on many factors unknown and nonexistent at the time of a guilty plea. Factors such as the conduct of appellant in prison, the composition and attitude of the parole board, the population of the prison system, the identity and attitude of the

---

**4.** The Federal Circuits are split on the question, and they reveal little that is of help except to note that the U.S. Supreme Court has opted to wrestle with the issue.

The Fourth Circuit, in *O'Tuel v. Osborne,* 706 F.2d 498 (4th Cir.1983), held that where a defendant was "grossly misinformed" as to his parole eligibility, and he relied on that information, the plea was involuntary. (The gross misinformation was that if he would plead guilty in exchange for a recommendation of a life sentence, he would be eligible for parole in ten years. Because of a statute change, he would actually be eligible after twenty years. The court's reasoning is that when the misadvice of a lawyer is so gross, that advice amounts to a denial of effective assistance of counsel. Same holding in *Strader v. Garrison,* 611 F.2d 61, 63 (4th Cir.1979), where the defendant was told he would be eligible for parole in 1¼ years instead of the actual 8¾ years.

The Sixth Circuit, in *Brown v. Perini,* 718 F.2d 784 (6th Cir.1983), said parole eligibility is a collateral, not direct, consequence of a guilty plea and erroneous advice of counsel concerning it will not vitiate a guilty plea under the test announced by the Supreme Court in *Brady,* supra. (The misinformation was that if he would plead guilty in exchange for a recommendation of a life sentence, he would be eligible in ten years when, because of statute change, the correct time was fifteen years). The court was careful to point out that no one promised the defendant actual parole.

The Eighth Circuit, in *Hill v. Lockhart,* 731 F.2d 568, (8th Cir.1984), *cert. granted,* — U.S. —, 105 S.Ct. 1745, 84 L.Ed.2d 811 (1985), said that in a case of first impression, misinformation about parole eligibility that is not gross misinformation does not render a guilty plea involuntary nor does it amount to ineffective assistance of counsel. (The misinformation was that if he would plead guilty in exchange for a recommendation of a 35 year sentence, he would be eligible in 11⅔ years when, because of statute change, the correct time was 17½ years.) The court reasoned that since with good time he could be eligible in 9 years, misinformation was not "gross" and therefore counsel not ineffective and also guilty plea was voluntary.

governor, the regulations governing "good time," etc., all are yet to be when the defendant decides to plead guilty. The erroneous advice from counsel about the time frame of parole eligibility is then about an event, parole, whose time of occurrence, if any, cannot even be accurately guessed at." *Ex parte Carillo*, 687 S.W.2d 320 (Tex.Cr.App.1985) (Concurring opinion).

■ We think, then, that the speculative nature of parole *attainment* is such as to discount its legal importance on the subject of voluntariness of a guilty plea. This legal importance is discounted to the extent that erroneous advice of counsel on the subject of parole *eligibility* will not render the plea involuntary.

■ We reiterate that the cases relating to broken or impossible plea bargains, heretofore cited, are not the subject of our discussion here. If appellant's understanding of his parole eligibility is manifested as an affirmative part of the plea bargain and that understanding is relied on as an essential part of the quid pro quo for pleading guilty, then appellant's plea is involuntary if that part of the plea bargain is not or cannot be carried out. This is so because of a defect in the plea bargain, however, not because of appellant's misunderstanding per se.

Likewise, untouched by this holding are the cases of *Smith*, supra, *Griffin*, supra, *Mooney*, supra, *Burns*, supra, *McGuire*, supra, and *Kelly*, supra. However *Young v. State*, 644 S.W.2d 3 (Tex.Cr.App.1983), not previously mentioned, deserves discussion.

In *Young*, the defendant pled guilty to aggravated robbery in a plea bargain situation wherein the court was to both sentence him to 15 years and not enter an affirmative finding that a deadly weapon was used. His attorney advised him that he would be eligible for parole in 3 years because of the lack of such an affirmative finding, when in fact the lack of such a finding had no effect because Art. 42.12, § 15(b), V.A.C.C.P., demanded a minimum of 5 years if *either* such a finding was

entered *or* if the robbery was aggravated (which this one was). We deemed the plea involuntary for several reasons, among them:

> "By implication, from the record, the trial court also labored under this misunderstanding of the law in that he followed the 'plea bargain' to not enter an affirmative finding that a deadly weapon was used." *Young*, supra, 4.

Thus, this understanding of parole eligibility was, in our view, elevated to the status of an element of the plea bargain. As we stated in *Ex parte Carillo*, supra, "[t]hus in *Young*, the agreement was made a part of the plea bargain and sanctioned by the trial court." Since this element was not "kept," we held that the plea was involuntary. Other wording in *Young*, supra, would justify a belief that the holding also rested on the premise that erroneous advice of counsel concerning parole eligibility, upon which a defendant relied, would per se cause the guilty plea to be involuntary. We hereby disavow such a premise and, to the extent that it is in conflict with this opinion, overrule *Young*, supra.

■ We hold that in this case the speculative nature of parole attainment was such as to discount its legal importance on the question of voluntariness of applicant's guilty plea to the extent that the erroneous advice of counsel on the subject of parole eligibility did not render the plea involuntary.

The relief prayed for is denied.

TEAGUE, J., not participating.

CLINTON, Judge, dissenting.

Notwithstanding that the judge of the convicting court found "applicant *relied* on his attorney's advice [that he would be eligible for good time and would be eligible for parole in eighteen to twenty months] and was *induced* [by that *erroneous* advice] to enter his plea of guilty, the majority dismisses those findings in favor of what it thinks, *viz:*

"We think, then, that the speculative nature of parole *attainment* is such as to discount its legal importance on the subject of voluntariness of a guilty plea. This legal importance is discounted to the extent that erroneous advice of counsel on the subject of parole *eligibility* will not render the plea involuntary." [1]

Presumably the majority is working under an impression that the "standard" to measure *voluntariness* of a guilty plea is "as stated" in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), *viz:* "The rule that a plea must be *intelligently* made to be valid does not [in order to be violated] require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." On the face of it, the socalled "rule" relates to *intelligently* making a plea—not the voluntary nature of the plea.

Though the majority believes that some courts "intermingle the concepts of a knowing, intelligent or voluntary plea so that [given a failing of either], the plea is said to be involuntary," the Supreme Court of the United States understands and insists that the constitutional rule requires the record to show a guilty plea is both intelligent and voluntary.[2] It all goes back to *Boykin v. Alabama,* 395 U.S. 238, at 242–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Indeed, the *Brady* Court took great pains to make a separate analysis of each requirement.

First it restated that voluntariness of a plea "can be determined only by considering all the relevant circumstances surrounding it." Examining relevant circumstances the Supreme Court found in effect that an otherwise voluntary plea was not rendered involuntary by the fact that it was entered pursuant to a plea bargain

"influenced by the fear of a possibly higher penalty for the crime charged if a conviction is obtained after the State is put to its proof," *id.,* 397 U.S. at 750–751, 90 S.Ct. at 1470. Under the standard of *voluntariness* formulated by Judge Tuttle for the Court of Appeals for the Fifth Circuit in *Shelton v. United States,* 246 F.2d 571, 572 n. 2 (CA5 1957) (En Banc),[3] the Supreme Court ended part II of the opinion by concluding that "a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty," 397 U.S. at 755, 90 S.Ct. at 1472.

Part III of the *Brady* opinion begins: "The record before us *also* supports the conclusion that Brady's plea was *intelligent."* *Id.,* 397 U.S. at 756, 90 S.Ct. at 1473. And it is this part from which the majority extracts a single sentence from a discussion about that matter over several lengthy paragraphs—a sentence so general that when read in context does not even purport to pronounce a standard. Better to call a standard in the *Brady* context that which I excerpted from the discussion and reproduced in my concurring opinion just the other day in *Ex parte Gibauitch,* 688 S.W.2d 868 (Tex.Cr.App.1985), *viz:*

"*More particularly,* absent misrepresentations or other impermissible conduct by state agents ..., a *voluntary* plea *intelligently* made in light of the *then applicable law* does not become vulnerable because later judicial decisions indicate the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a *competently counseled* defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer *correctly* advised him with respect to the *then existing penalties* but later pro-

---

1. Emphasis by majority; all other emphasis throughout this opinion is mine unless otherwise indicated.

2. There are expressions from this Court to the same effect. See, e.g., *Meyers v. State,* 623 S.W.2d 397, 401–402 (Tex.Cr.App.1981), from which the majority opinion quotes a portion of a germane part, at page 276.

3. " '[A] plea of guilty entered by one fully aware of the direct consequences, including the *actual value of any commitments made to him by* the court, prosecutor, *or his own counsel* must stand unless ...' "

nouncements of the courts ... hold the maximum penalty ... was less than reasonably assumed at the time the plea was entered."

*Id.*, 397 U.S. at 757, 90 S.Ct. at 1473. Thus in determining whether a plea of guilty is intelligent the focus of *Brady* is on counsel's giving *correct* advice as to then existing penalties.

Without any doubt the advice given applicant with respect to existing penalties is not correct. However, signaling where it is going by recognizing as a "common practice" what it characterizes as "the guessing game of parole eligibility," the majority comes to a way station: "But eligibility for parole is a fluctual societal decision, highly subject to change." One cannot be certain just what meaning is intended in that observation, especially in light of the fact everyone involved in this cause now knows for certain that present law dictates applicant serve at least forty months before becoming eligible for parole. On the other hand, if is meant that while he is in prison society, through its legislative representatives, might decide to change the law of parole eligibility to affect applicant, the majority overlooks the fact that without recent notable exception every enacted amendment to Article 42.12, including the one ensnaring counsel here, has expressly provided that the change is applicable "only to inmates sentenced to the Texas Department of Corrections for an offense committed on or after the effective date of this Act [and inmates] sentenced for an offense committed prior to the effective date of this Act are governed by the law existing before the effective date of this Act, which is continued in effect for this purpose." See Acts 1977, 65th Leg., ch. 347, p. 934, § 7.

Drawing from his concurring opinion in *Ex parte Carillo*, 687 S.W.2d 320 (Tex.Cr. App.1985), the author of the majority opinion in the instant cause seems preoccupied with the "speculative nature" of attaining parole. It occurs to me, however, the matter still is of utmost importance to an accused such that usually he is the one to broach it, and since it is "common practice" to include the subject of parole eligibility in negotiations leading to a plea bargain—and the majority is quite willing to grant relief when an understanding reached by attorneys for the parties, albeit an incorrect one, is "elevated to the status of an element of the plea bargain" and is relied on by an accused—a similar detrimental reliance on a misunderstanding unilaterally communicated by his counsel should likewise render the plea of an accused just as involuntary and unintelligent. There seems to be little difference in principle—unless it is that mutuality of mistake is to be rewarded but erroneous advice of counsel to his client is merely part and parcel of risk assumed in entering a plea.

To such disparate treatment I respectfully dissent.