**Ex parte Danny Ray HUGHLING.**

**No. 69440.**

Court of Criminal Appeals of Texas, En Banc.

March 19, 1986.

Danny Ray Hughling, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P.

The record reflects that applicant was convicted of the offense of murder in 1981. A plea of guilty was entered following plea bargaining. Pursuant to the plea bargain, the trial court made an affirmative finding that a deadly weapon had been used during the commission of the offense. Also pursuant to the plea bargain, punishment was assessed by the court at twenty years' confinement.

Applicant contends that his plea of guilty was not voluntarily entered due to erroneous advice from his attorney concerning his parole eligibility date. Applicant alleges that counsel informed him that he would be eligible for parole on the 20 year sentence within two to three years. However, as a result of the affirmative finding concerning the use of a deadly weapon, applicant will not be eligible for parole until he has served six years and eight months of his sentence. Applicant alleges that he relied on such erroneous advice in entering his plea of guilty.

After conducting a hearing on the application, the trial court found that defense counsel failed to inform applicant as to the effect of an affirmative finding of a deadly weapon on applicant's eligibility for parole. The trial court further found that defense counsel did not misinform applicant about his eligibility for parole, in that while there was a general discussion about parole eligibility, applicant was told there was no

guarantee as to when he would be eligible for parole. Finally, the court found that applicant was not induced by statements about parole eligibility to plead guilty. The trial court, relying on our opinion in *Ex parte Young*, 644 S.W.2d 3 (Tex.Cr.App. 1983), made the following conclusion of law:

> "The Applicant freely and voluntarily pleaded guilty to the offense of murder, as indicted in Cause Number 30,451."

In *Ex parte Young*, supra, we held that if a defendant has been given erroneous advice by his attorney concerning his parole eligibility date, and the defendant relied upon that misinformation to the extent that it induced him to plead guilty or nolo contendere, his plea was involuntary. Recently in *Ex parte Evans*, 690 S.W.2d 274 (Tex.Cr.App.1985), we reconsidered our holding in *Ex parte Young*, supra.

> "We think, then, that the speculative nature of parole *attainment* is such as to discount its legal importance on the subject of voluntariness of a guilty plea. This legal importance is discounted to the extent that erroneous advice of counsel on the subject of parole *eligibility* will not render the plea involuntary.
>
> "We reiterate that the cases relating to broken or impossible plea bargains, heretofore cited, are not the subject of our discussion here. If appellant's understanding of his parole eligibility is manifested as an affirmative part of the plea bargain and that understanding is relied on as an essential part of the quid pro quo for pleading guilty, then appellant's plea is involuntary if that part of the plea bargain is not or cannot be carried out. This is so because of a defect in the plea bargain, however, not because of appellant's misunderstanding per se." (Emphasis in original). 690 S.W.2d at 279.

Our opinion in *Evans* then goes on to disavow any language in *Ex parte Young*, supra, which would justify a belief that a plea may be rendered involuntary simply because a defendant received erroneous advice of counsel concerning parole eligibility and relied on that advice in making his plea.

In the instant case, applicant testified that defense counsel told him that if he entered a guilty plea and received a twenty year sentence, he would be eligible for parole in two or three years and the most he would have to serve before being released on parole would be six years. Applicant testified that defense counsel never told him of the impact of the affirmative finding of a deadly weapon on his parole eligibility. Defense counsel testified that he could not remember what he told applicant about his parole eligibility date but it was not his normal practice to make assurances concerning parole eligibility. Finally, applicant's wife testified that she heard defense counsel inform applicant that he would be out of prison in three or four years. Our review of the actual guilty plea hearing shows that neither the prosecutor nor the trial judge made any references or promises concerning applicant's parole eligibility. Thus we cannot say that parole eligibility was an element of the plea bargain. Cf. *Ex parte Pruitt*, 689 S.W.2d 905 (Tex.Cr. App.1985).

As in *Ex parte Evans*, supra, we are constrained to hold, based upon the record before us, that if indeed defense counsel gave erroneous advice concerning applicant's parole eligibility, because it was not an element of the plea bargain entered into by applicant, that applicant's plea is not rendered involuntary.

The relief prayed for is denied.

TEAGUE, J., dissents.