Ex parte Lincoln Allen
KEITH, Applicant.

No. AP–75367.

Court of Criminal Appeals of Texas.

Sept. 27, 2006.

Robert A. Leahey, Odessa, for Appellant.

John W. Smith, District Atty., Odessa, Matthew Paul, State's Atty., Austin, for State.

PER CURIAM.

The applicant in this case seeks relief under *Crawford v. Washington,*[1] but his conviction became final before the decision of that case. Therefore, his ability to obtain such relief depends on whether *Crawford* applies retroactively and is thus available on collateral review. Because we conclude that *Crawford* does not apply retroactively, we shall deny the requested relief.

### The Procedural History

The applicant was convicted of capital murder in 1995 and sentenced to life imprisonment. On appeal, he argued that his right to confrontation under the Sixth Amendment had been violated. He specifically objected that a statement made to police by his non-testifying co-defendant should have been excluded as inadmissible hearsay. The Court of Appeals held first that the statement was not hearsay because it was not offered to prove the truth of the matter asserted, but rather to explain why the officer had focused his investigation on the applicant. The court also held that the applicant's questioning of the investigating officer about the circumstances of the interrogation made the entire statement admissible under the rule of optional completeness (Rule of Evidence 107).[2] Finally, the court held that, if it was error to admit the statement, the error was harmless.

The Court of Appeals' decision, however, was issued before the Supreme Court's ruling in *Crawford.* Prior to *Crawford,* Confrontation Clause issues were resolved under *Ohio v. Roberts,*[3] in which the Supreme Court held that the statement of an unavailable witness could be admitted against the defendant in a criminal trial if it bore adequate "indicia of reliability," meaning generally that the statement fell under a "firmly rooted hearsay exception" or showed "particularized guarantees of trustworthiness."[4] *Crawford* rejected the *Roberts* standard, making clear that, in order to be constitutionally sufficient, any system of ensuring the reliability of testimonial statements must include a defendant's ability to confront the witness.[5]

In light of *Crawford,* the applicant now seeks habeas-corpus relief from the conviction that was based, in part, on the state-

1. 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

2. *Keith v. State,* No. 08–96–00048–CR (Tex. App.-El Paso, 1997, pet. ref'd) (not designated for publication).

3. 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

4. *Id.,* at 66, 100 S.Ct. 2531.

5. *Crawford,* 541 U.S. at 68–69, 124 S.Ct. 1354.

ment of his co-defendant who was not available for confrontation. The potential success of his claim therefore depends on whether or not *Crawford* applies retroactively, and is thus available to the applicant on collateral review. We now turn to that issue.

### The Teague Exception

■ The Supreme Court has yet to rule on the retroactive applicability of its decision in *Crawford.* However, in *Teague v. Lane,*[6] the Court established the terms under which its decisions in criminal cases will apply retroactively. Generally, a new constitutional rule of criminal procedure will apply to cases still pending on direct review but not to cases that have become final before the new rules are announced.[7] There are two exceptions to the general rule of non-retroactivity for cases on collateral review. First, a new rule will be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of [the law] to proscribe." Second, a new rule will be retroactive if it requires the observance of procedures that are "implicit in the concept of ordered liberty."[8] The first exception has no bearing on the case before us, so our analysis will focus exclusively on the second.

■ In *Teague,* the Supreme Court reserved the application of this second exception to so-called "watershed rules of criminal procedure."[9] It adopted the reasoning and language of Justice Harlan in an earlier case:

Typically, it should be the case that any conviction free from federal constitutional error at the time it became final, will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction. For example, such, in my view, is the case with the right to counsel at trial now held a necessary precedent to any conviction for a serious crime.[10]

Thus, the second exception to the *Teague* rule is limited in its application to a very narrow class of decisions whose effect is to change the law in such a fundamental way that it profoundly calls into question the fairness of any conviction garnered under the prior rule—the kind of rules "without which the likelihood of an accurate conviction is severely diminished."[11] Only in that situation will such a rule be considered retroactive, and thus available on collateral review.

■ From a survey of the Supreme Court's jurisprudence on this issue, it is clear that the *Teague* exception can apply in only an extremely narrow class of cases that announce new rules. Such rules must substantially improve the accuracy of the trial's truth-finding function. Put another way, the rule must alter our understanding

6. 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

7. *Id.,* at 310, 109 S.Ct. 1060.

8. *Id.,* at 307, 109 S.Ct. 1060.

9. *Id.,* at 311, 109 S.Ct. 1060.

10. *Id.,* at 311–12, 109 S.Ct. 1060 (quoting the opinion of Harlan, J., in *Mackey v. United States,* 401 U.S. 667, 693–94, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)).

11. *Id.,* at 313, 109 S.Ct. 1060.

of the bedrock procedural elements essential to the fairness of a proceeding.[12] It is worth noting that, since *Teague,* no new rule of criminal procedure has been found to meet that high standard.

■ The *Crawford* rule is at least concerned with the accuracy of criminal convictions. By assuring that testimonial statements will not be admitted at trial unless the witness is available to testify, the rule adheres to the Confrontation Clause's command "that reliability be assessed in a particular manner: by testing in the crucible of cross-examination."[13] Yet the Court in *Crawford* also makes clear that the Clause's goal of ensuring the reliability of evidence is "a procedural rather than a substantive guarantee."[14] That itself is not dispositive, because either type of rule might fall under the *Teague* exception.[15] It is significant, however, because it illustrates that the Court did not intend to say in *Crawford* that cross-examination is an inherently better method of ensuring the reliability of evidence. Rather, *Crawford* affirms that cross-examination is the only method of ensuring reliability of evidence that is unquestionably required by the Constitution, so that any rule that fails to allow it is unquestionably impermissible:

> The unpardonable vice of the *Roberts* test, however, is not its unpredictability, but its demonstrated capacity to admit core testimonial statements that the

Confrontation Clause plainly meant to exclude.[16]

The *Crawford* rule requires a procedure that the Constitution prescribes, not one which is inherently or necessarily more accurate than the procedure which preceded it. Even if its effect does marginally improve the chances of accuracy in criminal trials, the degree of difference in that respect between the old system and the new must be substantially greater in order to meet the *Teague* exception.

For instance, the rule announced by *Gideon v. Wainwright,*[17] though it preceded the *Teague* decision, "usually" has been cited by the Court as the decision which meets the criteria of the second *Teague* exception.[18] In that case, which established a defendant's right to court-appointed counsel in criminal proceedings, the Court would likely apply its rule retroactively because it is obvious that the likelihood of false conviction is substantially greater in a trial where a defendant is not represented by counsel, as opposed to a trial where that right is guaranteed. Moreover, lack of counsel undermines the reliability of the proceeding.

The *Crawford* rule, on the other hand, applies to only one part of a trial—the testimony of unavailable witnesses—and therefore has a much more limited effect. Furthermore, the rule preceding *Crawford,* while still unconstitutional, at least offered some restraint on the admission of questionable evidence: the so-called "ade-

---

12. *Beard v. Banks,* 542 U.S. 406, 417–18, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004); *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (overruled on other grounds).

13. *Crawford,* 541 U.S., at 61, 124 S.Ct. 1354.

14. *Ibid.*

15. *Teague,* 489 U.S., at 310, 109 S.Ct. 1060.

16. *Crawford,* 541 U.S., at 63, 124 S.Ct. 1354.

17. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

18. *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). *See also* *O'Dell v. Netherland,* 521 U.S. 151, 167, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).

quate indicia of reliability." [19] The *Gideon* rule, by comparison, firmly established a right which previously, at least in some jurisdictions, hardly existed at all.[20]

While *Crawford* unequivocally describes the Confrontation Clause as a "bedrock procedural guarantee [which] applies to both federal and state prosecutions," [21] nowhere does the opinion refer to the *Crawford* rule as one which particularly guarantees fairness and accuracy in convictions. Nor does the opinion indicate that the *Roberts* rule significantly inhibited such guaranties. Rather than fill a void in which no constitutional protections existed, the Court in *Crawford* seeks only to ensure that any scheme envisioned by the States to assess reliability of evidence include the method mandated by the Sixth Amendment:

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law—as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.[22]

19. *Roberts,* 448 U.S., at 66, 100 S.Ct. 2531.

20. *Gideon,* 372 U.S., at 342–44, 83 S.Ct. 792 (overruling *Betts v. Brady,* 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), which held that the right to counsel was not "fundamental and essential to a fair trial" and thus not obligatory on the States under the Fourteenth Amendment).

21. *Crawford,* 541 U.S., at 42, 124 S.Ct. 1354.

22. *Id.,* at 68, 124 S.Ct. 1354.

23. *See Espy v. Massac,* 443 F.3d 1362 (11th Cir.2006); *Lave v. Dretke,* 444 F.3d 333 (5th Cir.2006); *McGonagle v. United States,* 137 Fed.Appx. 373 (1st Cir.2005) (unpublished),

In short, the *Crawford* rule does not necessarily improve the trial court's truth-finding capabilities, nor does it seriously diminish the likelihood of an accurate conviction. Therefore, it is not subject to the *Teague* exception.[23]

### Conclusion

Because *Crawford* is not retroactive, the relief sought by the applicant is not available to him. Therefore, habeas-corpus relief is denied.

cert. denied, —— U.S. ——, 126 S.Ct. 506, 163 L.Ed.2d 383 (2005); *Murillo v. Frank,* 402 F.3d 786 (7th Cir.2005); *Dorchy v. Jones,* 398 F.3d 783 (6th Cir.2005); *Mungo v. Duncan,* 393 F.3d 327 (2nd Cir.2004), *cert. denied,* 544 U.S. 1002, 125 S.Ct. 1936, 161 L.Ed.2d 778 (2005); *Brown v. Uphoff,* 381 F.3d 1219 (10th Cir.2004), *cert. denied,* 543 U.S. 1079, 125 S.Ct. 940, 160 L.Ed.2d 822 (2005); *Evans v. Luebbers,* 371 F.3d 438 (8th Cir.2004), *cert. denied,* 543 U.S. 1067, 125 S.Ct. 902, 160 L.Ed.2d 800 (2005). *But see Bockting v. Bayer,* 399 F.3d 1010 (9th Cir.2005), *cert. granted,* —— U.S. ——, 126 S.Ct. 2017, 164 L.Ed.2d 778 (2006).