IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,564-02






EX PARTE JOSEPH ROLAND LAVE, JR.





ON APPLICATION FOR WRIT OF HABEAS CORPUS 


IN CAUSE NO. W93-03527-V FROM THE


282
nd DISTRICT COURT OF DALLAS COUNTY





 Holcomb, J., filed a statement dissenting to the dismissal of the application.


DISSENTING STATEMENT



 In the case before us, the State argues that we should deny applicant's request for a stay of
execution for the following reasons: (1) applicant failed to satisfy the requirements of Texas Code
of Criminal Procedure, article 11.07, § 5(a)(1) because even though Crawford v. Washington, 541
U.S. 36 (2004) had not been issued when applicant filed his first application for habeas relief in 1998,
applicant could have challenged his co-defendant Bates' statements under the Confrontation Clause
of the Constitution, but chose not to do so; (2) applicant affirmatively agreed to allow Bates'
custodial statements to be summarized at trial by the testifying officer and, therefore, expressly
waived his Confrontation Clause claim; (3) applicant also failed to object to the testimony
summarizing Bates' custodial statements, when this testimony was offered at trial; (4) applicant
argues that his waiver was coerced, but the record shows that it was a product of strategic decisions
by both parties, each of which accrued some benefit from the admission of a summary of Bates'
statements through the testifying officer at trial; and (5) this Court should follow its decision in Ex
parte Keith, 202 S.W.3d 767 (Tex. Crim. App. 2006), whereby we applied Teague v. Lane, 489 U.S.
288 (1989), to hold that Crawford is not retroactive and denied relief.

 A closer examination of the above arguments shows that they have little or no merit. First,
Crawford held that the out-of-court testimonial statement of a witness is barred under the
Confrontation Clause of the Constitution, unless the witness is unavailable and the defendant had a
prior opportunity to cross-examine him. This was a new legal protection that was unavailable at the
time of applicant's trial and his previous state habeas application, when Ohio v. Roberts, 448 U.S.
56 (1980) governed disposition of cases like that of applicant, where a co-defendant's testimony was
treated as a category virtually immune from inspection for reliability under the Confrontation Clause. 
Thus, when Crawford overruled Roberts, it provided applicant with a new means of relief, pursuant
to Texas Code of Criminal Procedure, article 11.07, § 5(a)(1).

 Second, applicant shows in his application that he did not "affirmatively agree" to allow
Bates' custodial statements to be summarized at trial by the testifying officer. On the contrary, he
asserts that the State affirmatively denied him the right to even see or talk to Bates, unless he agreed
to allow it to introduce a summary of Bates' statements through an officer at trial. The meeting
turned out to be fruitless, however, since Bates was pressured by the State not to co-operate with
applicant's counsel. Applicant has attached excerpts from the record to substantiate these allegations. 
Thus, for example, we see in Applicant's Exhibit 4, a copy of Bates' guilty plea, where the State had
threatened to "re-indict[] and prosecute[]" Bates "for the capital murder of Frederick Banzhaf under
the highest penalty prescribed by law for said offense," (emphasis added), unless Bates co-operated
in the prosecution of applicant and some other persons. Applicant invites us to examine the record
for further proof of his allegations that this co-operation by Bates took the form of not co-operating
with applicant and thus providing applicant with a meaningful opportunity to confront Bates, as
required by the Confrontation Clause under Crawford.

 Third, applicant explains that he did not object to the introduction of the summary of Bates'
testimony at trial because, as discussed earlier, there was no legal basis to object at the time, since
Crawford had not yet been decided and the prevailing law of Roberts (which was overruled by
Crawford) treated the testimony of co-defendants like Bates as a category immune from inspection
for reliability under the Confrontation Clause.

 Finally, the State correctly noted that we had applied Teague in our decision in Keith to hold
that Crawford is not retroactive. The State has conceded that applicant would be entitled to relief,
if Crawford were applied retroactively; and the Supreme Court, in Danforth v. Minnesota, 127 S.Ct.
2427 (2007), is currently considering whether a state must apply Teague in determining whether
Crawford is retroactive on state habeas review. Hence, applicant's request is only reasonable that
we grant him a stay of execution at least until that decision is issued.

 In closing, I note that applicant has gone at great length to show that the State had little or
no evidence against him, except for the alleged statements by Bates. Applicant has also shown good
reason for Bates to have lied for his own self-interest, pointing the finger at applicant as having been
the killer, even though all the evidence, including the testimony of a surviving victim, points more
strongly towards Bates than towards applicant. Applicant's exhibit, a copy of Bates' plea agreement,
shows how the State offered him a deal whereby they would not seek the death penalty against him
if he helped them prosecute applicant. In light of all these allegations, I would grant a stay of
execution at least long enough for this Court to verify them against the actual record. Since the
Court declines to do so, however, I respectfully dissent.


Filed: September 7, 2007

Do not publish