

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. AP-75,912

---

### EX PARTE JOSEPH ROLAND LAVE, JR., Applicant

---

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
## ON A PETITION FOR WRIT OF HABEAS CORPUS
## CAUSE NO. WR-44,564-02
## IN THE 282ND JUDICIAL DISTRICT COURT OF DALLAS COUNTY

*Per curiam.* KELLER, P.J., and PRICE, J., not participating.

### O P I N I O N

This is a subsequent application for writ of habeas corpus filed pursuant to Texas

Code of Criminal Procedure, Article 11.071, Section 5, on remand from the United States

Supreme Court.

Applicant was convicted of capital murder on March 29, 1994. We affirmed the

conviction and sentence on direct appeal.[1] On January 26, 1998, applicant filed his initial

---

[1] *Lave v. State*, No. AP-71,897 (Tex. Crim. App. Nov. 20, 1996) (not designated for publication).

application for writ of habeas corpus pursuant to Article 11.071. We denied relief.[2]

In his subsequent application (the one now on remand), applicant alleged that he was denied the right to confront witnesses against him in trial.[3] He admitted that the legal basis for his claim depended on this Court overruling its previous opinion in *Ex parte Keith*,[4] in which we held that *Crawford v. Washington*[5] would not be applied retroactively in a Texas state-court collateral proceeding. Because applicant had not asserted that a new, previously unavailable, legal basis existed when he filed his subsequent application, this Court held that he had failed to show that he was entitled to review of his subsequent claim under Article 11.071, Section 5(a)(1). We dismissed the application as an abuse of the writ and denied his motion for stay of execution.[6]

Applicant then filed a petition for a writ of certiorari and an application for stay of execution in the United States Supreme Court.[7] The district court in Dallas County withdrew

---

[2] *Ex parte Lave*, No. WR-44,564-01 (Tex. Crim. App. Sept. 20, 2000) (not designated for publication).

[3] *See Lave v. Dretke*, 444 F.3d 333, 334 (5th Cir. 2006) ("At Lave's capital murder trial, Officer Kevin Hughes, one of the state's witnesses, testified as to a statement by one of Lave's alleged accomplices. In the course of an interrogation, the accomplice told Officer Hughes that Lave committed the murder."), *cert. denied sub nom. Lave v. Quarterman*, 127 S. Ct. 1482 (2007).

[4] 202 S.W.3d 767 (Tex. Crim. App. 2006).

[5] 541 U.S. 36 (2004).

[6] *Ex parte Lave*, No. WR-44,564-02, 2007 Tex. Crim. App. Unpub. LEXIS 457, *1-2 (Tex. Crim. App. Sept. 7, 2007) (not designated for publication).

[7] Petition for Writ of Certiorari, *Lave v. Texas,* No. 07-6393 (U.S. Sept. 10, 2007).

the order setting an execution date.  On February 25, 2008, the Supreme Court granted

applicant's petition for a writ of certiorari, vacated this Court's judgment, and remanded the

case to this Court[8] for further consideration in light of *Danforth v. Minnesota*.[9]

In *Whorton v. Bockting*,[10] the Supreme Court made clear that federal law does not

*require* state courts to apply the holding in *Crawford* to cases that were final when *Crawford*

was decided.  In *Danforth*, the Supreme Court granted certiorari to consider whether *Teague*

or any other federal rule of law *prohibits* them from doing so.  The answer was no:

> New constitutional rules announced by this Court that place certain kinds of primary individual conduct beyond the power of the States to proscribe, as well as "watershed" rules of criminal procedure, must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings. All other new rules of criminal procedure must be applied in future trials and in cases pending on direct review, but may not provide the basis for a federal collateral attack on a state-court conviction. This is the substance of the "*Teague* rule" described by Justice O'Connor in her plurality opinion in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed. 2d 334 (1989).  The question in this case is whether *Teague* constrains the authority of state courts to give broader effect to new rules of criminal procedure than is required by that opinion. We have never suggested that it does, and now hold that it does not.[11]

That is, federal law neither *requires* state courts to apply the holding in *Crawford* to cases

that were final when that case was decided, nor *prohibits* them from doing so.

---

[8] *Lave v. Texas*, 128 S.Ct. 1442 (2008).

[9] 128 S.Ct. 1029 (2008).

[10] 127 S.Ct. 1173  (2007).

[11] *Danforth*,128 S.Ct. at 1032-33 (footnote omitted).

In *Taylor v. State*,[12] which predated both *Bockting* and *Danforth*, we had held that "The Supreme Court's retroactivity analysis for federal constitutional errors is binding upon the states when federal constitutional errors are involved . . . . Conversely, *Griffith* and *Teague* do not bind the states on the retroactivity of new rules under state law."[13]  Thus, in *Ex parte Keith*–which this Court decided before either *Bockting* or *Danforth* were decided–we applied *Teague* and held that because the *Crawford* rule does not necessarily improve the trial court's truth-finding capabilities, nor seriously diminish the likelihood of an accurate conviction, it is not subject to the *Teague* exception and does not apply retroactively to cases on collateral review.[14]  In *Bockting*, the Supreme Court held, as we had already held in *Keith*, that the *Crawford* rule did not meet the *Teague* exception.  And in *Danforth*, the Supreme Court held that state courts are not required to follow the federal retroactivity principles expressed in *Teague*.

Although not required by the United States Supreme Court to do so, we adhere to our retroactivity analysis in *Keith* and its holding that *Crawford* does not apply retroactively to cases on collateral review in Texas state courts.[15]  We again dismiss this subsequent

---

[12] 10 S.W.3d 673 (Tex. Crim. App. 2000).

[13] *Id.* at 679.

[14] 202 S.W.3d at 771.

[15] *But see Ex parte John Avalos Alba*, ___ S.W. ___, No. AP-75,510, 2008 Tex. Crim. App. LEXIS 691, at 47-48 n. 35 (Tex. Crim. App. June 9, 2008) (Price, J., dissenting) ("To the extent that this assertion [that Article 11.071 is not available to remedy some potential future constitutional violation] embraces a notion that constitutional violations that have not already been firmly established in case law are not cognizable in habeas corpus, this pronouncement, for

application for writ of habeas corpus under Texas Code of Criminal Procedure, Article 11.071, Section 5.[16]

Delivered:     June 25, 2008

Publish

_____

which no authority is cited, sounds vaguely like the federal restriction on the cognizability of new claims in habeas corpus embodied in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed. 2d 334 (1989). But the *Teague* rule is also grounded in principles of comity and deference to state courts, which have no application in state habeas corpus jurisprudence. *Cf. Danforth v. Minnesota*, 552 U.S. ___, 128 S.Ct. 1029, 1041, 169 L.Ed. 2d 859 (2008) ('If anything, considerations of comity militate in favor of allowing state courts to grant habeas corpus relief to a broader class of individuals than is required by Teague.').  I am not aware that we have ever adopted such a rule of cognizability in Texas."). *Ex parte Heliberto Chi*, ___ S.W. ___, No. AP-75,930/931, 2008 Tex. Crim. App. LEXIS 690, at *34-35 n. 35 (Tex. Crim. App. June 9, 2008) (Price, J., dissenting) (same).

[16]  We also deny applicant's motion for setting a briefing schedule and oral argument.