IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,564-03






EX PARTE JOSEPH ROLAND LAVE








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. F93-03527-S IN THE 282ND JUDICIAL DISTRICT COURT


DALLAS COUNTY






 Per Curiam. Keller, P.J., and Price, J., not participating.

 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted of capital murder in March 1994. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and
the trial court sentenced applicant to death. This Court affirmed applicant's conviction and
sentence on direct appeal. Lave v. State, No. AP-71,897 (Tex. Crim. App. Nov. 20, 1996)
(not designated for publication). On January 26, 1998, Applicant filed his initial post-conviction application for writ of habeas corpus pursuant to Article 11.071. We denied
relief. Ex parte Lave, No. WR-44,564-01 (Tex. Crim. App. Sept. 20, 2000) (not designated
for publication).

 Applicant filed a subsequent application in which he asserted that an accomplice's
out-of-court statements were admitted in violation of Crawford v. Washington, 541 U.S. 36
(2004). We dismissed that application as an abuse of the writ on September 7, 2007. Ex
parte Lave, No. WR-44,564-02 (Tex. Crim. App. Sept. 7, 2007) (not designated for
publication). Applicant then filed a petition for writ of certiorari and an application for stay
of execution in the United States Supreme Court. The Supreme Court granted the petition,
vacated this Court's judgment, and remanded the case to this Court. Lave v. Texas, 128 S.
Ct. 1442 (2008). On further consideration, we again dismissed the application as an abuse
of the writ. Ex parte Lave, 257 S.W.3d 235 (Tex. Crim. App. 2008).

 Applicant presents one allegation. We have reviewed the application and find that the
allegation satisfies the requirements of Texas Code of Criminal Procedure Article 11.071,
Sec. 5(a). Accordingly, we find that the requirements for consideration of a subsequent
application have been met and the cause is remanded to the trial court for consideration of
the allegation.

 IT IS SO ORDERED THIS THE 26TH DAY OF NOVEMBER, 2008.

Do Not Publish