**Ex parte Ker'Sean Olajuwa RAMEY, Applicant.**

**No. WR–74,896–01.**

Court of Criminal Appeals of Texas.

April 6, 2011.

Jim Voller, Lisa C. McMinn, State's Attorney, Austin, for State.

KEASLER, J., filed a dissenting statement in which KELLER, P.J., and HERVEY, J., joined.

Today the Court votes to file and set this case to decide how or whether our opinion in *Coble v. State*[1] impacts Ramey's claim that the trial judge erred to admit Dr. Coons's future-dangerousness testimony because it violated the federal Eighth Amendment and Due Process Clause. This claim, set out only as a ground for relief, is conclusory. Ramey, with respect to Dr. Coons's testimony, briefs a challenge to Dr. Coons's testimony exclusively under state evidentiary law; specifically, he challenges the admissibility of that testimony under *Daubert/Kelly*. Ramey, who is represented by counsel, is not entitled to a liberal reading of his application. As it stands, Ramey's claim is not cognizable on habeas because he should have and could have raised it on direct appeal,[2] then having the option to pursue a writ of certiorari in the United States Supreme Court if we rejected his claim.

But even if we assume that the issue filed and set for submission is properly raised, Ramey's claim has been rejected by the United States Supreme Court in *Barefoot v. Estelle*,[3] and the law has not changed. Any determination contrary to *Barefoot* is impermissible. Further, any determination by this Court that the Due Process Clause and the Eighth Amendment were violated by the admission of Dr. Coons's testimony would create a new rule of constitutional law. Generally, new rules of constitutional law, created on direct appeal, do not apply retroactively on habeas.[4] So I cannot imagine why the Court is contemplating the creation of a new constitutional rule on habeas.

With these comments I dissent.

---

1. 330 S.W.3d 253 (2010) (holding Dr. Coons's testimony to be scientifically unreliable under Texas Rule of Evidence 702).

2. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim.App.1989) (op. on reh'g).

3. 463 U.S. 880, 896–906, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

4. *Ex parte Keith*, 202 S.W.3d 767, 768–769 (Tex.Crim.App.2006).