IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,986-01






EX PARTE KER'SEAN OLAJUWA RAMEY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO.05-12-7342 

FROM THE 24TH JUDICIAL DISTRICT COURT 

JACKSON COUNTY




 Keasler, J., filed a dissenting statement in which Keller, P.J., and Hervey, J.,
joined. 


DISSENTING STATEMENT 



 Today the Court votes to file and set this case to decide how or whether our opinion
in Coble v. State (1) impacts Ramey's claim that the trial judge erred to admit Dr. Coons's
future-dangerousness testimony because it violated the federal Eighth Amendment and Due
Process Clause. This claim, set out only as a ground for relief, is conclusory. Ramey, with
respect to Dr. Coons's testimony, briefs a challenge to Dr. Coons's testimony exclusively
under state evidentiary law; specifically, he challenges the admissibility of that testimony
under Daubert/Kelly. Ramey, who is represented by counsel, is not entitled to a liberal
reading of his application. As it stands, Ramey's claim is not cognizable on habeas because
he should have and could have raised it on direct appeal, (2) then having the option to pursue
a writ of certiorari in the United States Supreme Court if we rejected his claim. 

 But even if we assume that the issue filed and set for submission is properly raised,
Ramey's claim has been rejected by the United States Supreme Court in Barefoot v. Estelle, (3)
and the law has not changed. Any determination contrary to Barefoot is impermissible. 
Further, any determination by this Court that the Due Process Clause and the Eighth
Amendment were violated by the admission of Dr. Coons's testimony would create a new
rule of constitutional law. Generally, new rules of constitutional law, created on direct
appeal, do not apply retroactively on habeas. (4) So I cannot imagine why the Court is
contemplating the creation of a new constitutional rule on habeas.

 With these comments I dissent.


DATE DELIVERED: April 6, 2011

PUBLISH


 
1. 330 S.W.3d 253 (2010) (holding Dr. Coons's testimony to be scientifically
unreliable under Texas Rule of Evidence 702).
2. Ex parte Banks, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) (op. on reh'g).
3. 463 U.S. 880, 896-906 (1983). 
4. Ex parte Keith, 202 S.W.3d 767, 768-769 (Tex. Crim. App. 2006).