IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-44,564-03 and WR-44,564-04






EX PARTE JOSEPH ROLAND LAVE








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. F93-03527-S IN THE 282ND JUDICIAL DISTRICT COURT


DALLAS COUNTY





 Per Curiam. Keller, P.J., and Price and Keasler, JJ., not participating.


O R D E R



 These are subsequent post conviction applications for writs of habeas corpus filed
pursuant to the provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted of capital murder in March 1994. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and
the trial court sentenced applicant to death. This Court affirmed applicant's conviction and
sentence on direct appeal. Lave v. State, No. AP-71,897 (Tex. Crim. App. Nov. 20, 1996)
(not designated for publication). On January 26, 1998, Applicant filed his initial post-conviction application for writ of habeas corpus pursuant to Article 11.071. We denied
relief. Ex parte Lave, No. WR-44,564-01 (Tex. Crim. App. Sept. 20, 2000) (not designated
for publication).

 Applicant filed a subsequent application in which he asserted that an accomplice's
out-of-court statements were admitted in violation of Crawford v. Washington, 541 U.S. 36
(2004). We dismissed that application as an abuse of the writ on September 7, 2007. Ex
parte Lave, No. WR-44,564-02 (Tex. Crim. App. Sept. 7, 2007) (not designated for
publication). Applicant then filed a petition for writ of certiorari and an application for stay
of execution in the United States Supreme Court. The Supreme Court granted the petition,
vacated this Court's judgment, and remanded the case to this Court. Lave v. Texas, 128 S.
Ct. 1442 (2008). On further consideration, we again dismissed the application as an abuse
of the writ. Ex parte Lave, 257 S.W.3d 235 (Tex. Crim. App. 2008).

 Applicant then filed a second subsequent application raising an allegation that he was
denied a fair trial and due process when the State suppressed prior statements of his
accomplice in violation of Brady v. Maryland, 373 U.S. 83 (1963). We found that the
allegation satisfied the requirements of Texas Code of Criminal Procedure article 11.071,
Sec. 5(a). Accordingly, we remanded that application to the trial court, where it is currently
under consideration.

 Applicant has now filed a third subsequent application in which he raises six
allegations. We have reviewed the application and cannot determine on the current record
whether the factual basis for allegations one through five - the surviving victim's prior
statement - was unavailable on the date that applicant filed his second subsequent
application. Therefore, these allegations are remanded to the trial court so that the record can
be supplemented with evidence relating to the Section 5 bar. Specifically, applicant shall
have the opportunity to show when and how he obtained the evidence at issue and whether
he exercised reasonable diligence to obtain this evidence at the earliest opportunity. 
Following receipt of this additional information, the trial court shall determine whether these
allegations satisfy the requirements of Article 11.071, § 5. If appropriate, the trial court shall
enter factual findings and credibility determinations. If the trial court determines that these
allegations satisfy the requirements of Section 5, then the trial court shall address them on
the merits.

 Applicant's sixth allegation is that he was denied a fair trial and due process by the
State's presentation of false expert testimony. We find that this allegation meets the
requirements for consideration of a subsequent claim. This allegation is remanded to the
convicting court for consideration on the merits.

 Applicant's third subsequent application shall be consolidated with his second
subsequent application. Both applications will be held in abeyance pending the trial court's
compliance with this order. The trial court may resolve the issues using any means set forth
in Texas Code of Criminal Procedure article 11.071. The trial court shall make any findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of the
allegations. A supplemental transcript containing all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition, along with the trial
court's supplemental findings of fact and conclusions of law, shall be returned to this Court
by August 1, 2013. (1)

 IT IS SO ORDERED THIS THE 10TH DAY OF APRIL, 2013.

Do Not Publish
1. Any extensions of time shall be obtained from this Court.