

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,964

### EX PARTE TERRELL MAXWELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-08-300490
### FROM TRAVIS COUNTY

Womack, J., filed a dissenting opinion in which Keller, P.J., joined.

I respectfully disagree with the Court's holding that *Miller v. Alabama*[1] announced a new substantive rule.

In *Miller*, the Supreme Court of the United States held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."[2]

The Supreme Court previously invalidated the death penalty for all offenders under the

---

[1] *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

[2] *Id*. at 2469.

age of 18.[3] In 2013, after this applicant's conviction and in response to *Miller*, the Texas Legislature amended the Texas Penal Code to allow for a life sentence *with* the possibility of parole for a capital felony "if the individual committed the offense when younger than 18 years of age."[4]

The Supreme Court has not ruled on the retroactive applicability of its decision in *Miller*. This Court uses the analysis provided in *Teague v. Lane*[5] to decide questions of retroactivity.[6] In *Teague*, the Supreme Court held that, generally, new constitutional rules of criminal procedure "will not be applicable to those cases which have become final before the new rules are announced."[7]

There is a threshold question of whether the rule in question is a "new" rule. A new rule is one that "breaks new ground or imposes a new obligation" on the government.[8] To put it another way, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."[9] The rule that the Supreme Court announced in *Miller* was new because it required, for the first time, individualized sentencing in a context

---

[3] *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

[4] TEX. PENAL CODE § 12.31(a) & (b) (effective July 22, 2013).

[5] 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

[6] *See, e.g., Ex parte Lave*, 257 S.W.3d 235 (Tex. Cr. App. 2008); *Ex parte Keith*, 202 S.W.3d 767 (Tex. Cr. App. 2006).

[7] *Teague*, 489 U.S. at 310.

[8] *Id*. at 301.

[9] *Ibid*.

outside the death penalty.[10] This requirement was not dictated by precedent when the applicant's conviction became final.

The next issue is whether either of the two *Teague* exceptions applies to overcome the general bar to retroactive application of new rules on collateral review. A new rule will be applied to cases retroactively on collateral review if it either (1) "places certain kinds of primary, private individual conduct beyond the power of [the law] to proscribe" or (2) "requires the observance of those procedures that are implicit in the concept of ordered liberty."[11]

The first limited exception allows retroactive application of new rules that "prohibit a certain category of punishment for a class of defendants because of their status or offense."[12] However, the holding in *Miller* explicitly states that it "does not categorically bar a penalty for a class of offenders or type of crime–as, for example, [the Court] did in *Roper* or *Graham*. Instead, it mandates only that a sentencer follow a certain process–considering an offender's youth and attendant characteristics–before imposing a particular penalty."[13] *Miller* does not bar all sentences of life imprisonment for juveniles; it bars only those made mandatory by a sentencing scheme. The first *Teague* exception does not apply.

The second *Teague* exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[14] This is a very

---

[10] *Miller*, 132 S.Ct. at 2470.

[11] *Teague*, 489 U.S. at 307 (internal quotation marks omitted).

[12] *O'Dell v. Netherland*, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).

[13] *Miller*, 132 S.Ct. at 2471.

[14] *O'Dell*, 521 U.S. at 157.

limited exception, and the applicant stated he would not discuss it in his brief.[15] In light of the extremely limited nature of this exception,[16] and the applicant's choice not to argue for its applicability, I shall not address it in detail. The second *Teague* exception does not apply.

I would hold that the new rule announced in *Miller* does not satisfy the requirements for retroactive application.

I recognize that we could accord retroactive effect to *Miller* as a matter of state habeas law.[17] However, I would not do so. This Court follows *Teague* as a general matter of state habeas practice,[18] and this case does not present a reason for us to deviate from that practice.

I would deny the application for the writ of habeas corpus.

Filed March 12, 2014.
Publish.

---

[15] Applicant's Brief at 23.

[16] *See, e.g., Beard v. Banks*, 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (" . . . it should come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception."); *Keith*, 202 S.W.3d at 770 ("It is worth noting that, since *Teague*, no new rule of criminal procedure has been found to meet that high standard [required for the second exception to apply].").

[17] *See Danforth v. Minnesota*, 552 U.S. 264, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008) (holding that *Teague* does not constrain "the authority of state courts to give broader effect to new rules of criminal procedure than is required by that opinion").

[18] *See, e.g., Lave*, 257 S.W.3d at 237.