IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,964






EX PARTE TERRELL MAXWELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-08-300490

FROM TRAVIS COUNTY





 Womack, J., filed a dissenting opinion in which Keller, P.J., joined.



 I respectfully disagree with the Court's holding that Miller v. Alabama (1) announced a new
substantive rule.

 In Miller, the Supreme Court of the United States held that "the Eighth Amendment
forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile
offenders." (2) 

 The Supreme Court previously invalidated the death penalty for all offenders under the
age of 18. (3) In 2013, after this applicant's conviction and in response to Miller, the Texas
Legislature amended the Texas Penal Code to allow for a life sentence with the possibility of
parole for a capital felony "if the individual committed the offense when younger than 18 years
of age." (4)

 The Supreme Court has not ruled on the retroactive applicability of its decision in Miller.
This Court uses the analysis provided in Teague v. Lane (5) to decide questions of retroactivity. (6) In
Teague, the Supreme Court held that, generally, new constitutional rules of criminal procedure
"will not be applicable to those cases which have become final before the new rules are
announced." (7)

 There is a threshold question of whether the rule in question is a "new" rule. A new rule
is one that "breaks new ground or imposes a new obligation" on the government. (8) To put it
another way, "a case announces a new rule if the result was not dictated by precedent existing at
the time the defendant's conviction became final." (9) The rule that the Supreme Court announced
in Miller was new because it required, for the first time, individualized sentencing in a context
outside the death penalty. (10) This requirement was not dictated by precedent when the applicant's
conviction became final.

 The next issue is whether either of the two Teague exceptions applies to overcome the
general bar to retroactive application of new rules on collateral review. A new rule will be
applied to cases retroactively on collateral review if it either (1) "places certain kinds of primary,
private individual conduct beyond the power of [the law] to proscribe" or (2) "requires the
observance of those procedures that are implicit in the concept of ordered liberty." (11)

 The first limited exception allows retroactive application of new rules that "prohibit a
certain category of punishment for a class of defendants because of their status or offense." (12)
However, the holding in Miller explicitly states that it "does not categorically bar a penalty for a
class of offenders or type of crime-as, for example, [the Court] did in Roper or Graham. Instead,
it mandates only that a sentencer follow a certain process-considering an offender's youth and
attendant characteristics-before imposing a particular penalty." (13) Miller does not bar all
sentences of life imprisonment for juveniles; it bars only those made mandatory by a sentencing
scheme. The first Teague exception does not apply.

 The second Teague exception applies to "watershed rules of criminal procedure
implicating the fundamental fairness and accuracy of the criminal proceeding." (14) This is a very
limited exception, and the applicant stated he would not discuss it in his brief. (15) In light of the
extremely limited nature of this exception, (16) and the applicant's choice not to argue for its
applicability, I shall not address it in detail. The second Teague exception does not apply.

 I would hold that the new rule announced in Miller does not satisfy the requirements for
retroactive application. 

 I recognize that we could accord retroactive effect to Miller as a matter of state habeas
law. (17) However, I would not do so. This Court follows Teague as a general matter of state habeas
practice, (18) and this case does not present a reason for us to deviate from that practice.

 I would deny the application for the writ of habeas corpus.


Filed March 12, 2014.

Publish.
1. Miller v. Alabama, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
2. Id. at 2469.
3. Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).
4. Tex. Penal Code § 12.31(a) & (b) (effective July 22, 2013).
5. 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
6. See, e.g., Ex parte Lave, 257 S.W.3d 235 (Tex. Cr. App. 2008); Ex parte Keith, 202 S.W.3d 767 (Tex. Cr.
App. 2006).
7. Teague, 489 U.S. at 310.
8. Id. at 301.
9. Ibid.
10. Miller, 132 S.Ct. at 2470.
11. Teague, 489 U.S. at 307 (internal quotation marks omitted).
12. O'Dell v. Netherland, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).
13. Miller, 132 S.Ct. at 2471.
14. O'Dell, 521 U.S. at 157.
15. Applicant's Brief at 23.
16. See, e.g., Beard v. Banks, 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (" . . . it should
come as no surprise that we have yet to find a new rule that falls under the second Teague exception."); Keith, 202
S.W.3d at 770 ("It is worth noting that, since Teague, no new rule of criminal procedure has been found to meet that
high standard [required for the second exception to apply].").
17. See Danforth v. Minnesota, 552 U.S. 264, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008) (holding that Teague
does not constrain "the authority of state courts to give broader effect to new rules of criminal procedure than is
required by that opinion").
18. See, e.g., Lave, 257 S.W.3d at 237.