**VACATED in part; Affirmed as Modified in part; Opinion Filed February 5, 2015.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-01741-CR**
**No. 05-13-01742-CR**
**No. 05-13-01743-CR**

**KEITH WYLIE BOWMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F-10-35883-W, F-10-35927-W, F-10-35928-W

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Keith Wylie Bowman appeals the trial court's judgments revoking community supervision and adjudicating guilt in three aggravated robbery cases. Bowman entered open pleas of guilty in all three cases. The trial court found Bowman guilty in cause number F-10-35927-W, imposed a $2,000 fine and sentenced him to ten years in prison. Within 180 days, the trial court granted Bowman's motion for shock community supervision and placed him on community supervision for ten years. The trial court deferred adjudication in the other two cases, placed Bowman on community supervision for ten years and assessed fines of $2,000 in each case.

Following Bowman's arrest in November 2013, the State filed motions to revoke in the

first case and to adjudicate guilt in the other two cases. After a hearing, the trial court revoked Bowman's community supervision in the first case and sentenced him to ten years in prison and a $2,000 fine. The trial court also adjudicated guilt in each of the other two cases and sentenced Bowman to twenty years' confinement to be served concurrently with his ten year sentence.

For reasons set out below, in cause number F-10-35927-W, we vacate the judgment revoking community supervision and the order placing Bowman on shock community supervision and reinstate the sentence in the trial court's original judgment. In the other two cases, we modify the trial court's judgments and affirm the judgments as modified.

Before analyzing the merits of Bowman's issues on appeal, we must address the shock community supervision case, cause number F-10-35927-W. In that case, Bowman pleaded guilty to aggravated robbery and was convicted of that offense. *See* TEX. PENAL CODE ANN. §  29.03 (West 2011).  Aggravated robbery is a "section 3g offense."  TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1)(F) (West Supp. 2014). A person convicted of aggravated robbery is not eligible for judge-ordered community supervision. *Id.*  Under article 42.12 § 6(a)(1), a person who is not eligible for regular community supervision is not eligible for shock community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 6(a)(1); *State v. Dunbar*, 297 S.W.3d 777, 780–81 (Tex. Crim. App. 2009); *see also State v. Posey*, 330 S.W.3d 311, 315 (Tex. Crim. App. 2011) ("We hold that a trial judge may not grant shock probation unless the defendant is eligible for judge-ordered community supervision.").  Thus, Bowman was improperly placed on shock community supervision after he was convicted of a section 3g offense.  Accordingly, we vacate the trial court's order placing Bowman on shock community supervision and the judgment revoking community supervision in cause number F-10-35927-W.  We reinstate the sentence in the trial court's original judgment in that case.

In the two deferred adjudication cases, the record shows Bowman pleaded true to

violating four conditions of community supervision, including possession of a firearm while on community supervision. The arresting officer testified he stopped Bowman for traffic violations and searched the car with Bowman's consent. The officer found a crack pipe and other paraphernalia in the car and arrested Bowman. The officer testified he seized and searched Bowman's cellphone incident to the arrest and found several pictures of Bowman posing with firearms. The State offered photographs of the cellphone pictures found on Bowman's cellphone. Defense counsel objected to the admission of the photographs, arguing they were the fruit of an unlawful search under the Fourth Amendment. The trial court overruled the objection and admitted the photographs.

In his first issue, Bowman complains that the trial court erred in admitting the photographs of pictures obtained from his cellphone into evidence. In light of recent Supreme Court authority, the State concedes error, but argues the error was harmless.

While Bowman's cases were pending on direct appeal, the United States Supreme Court decided *Riley v. California*, 134 S. Ct. 2473 (2014). Bowman's convictions are not final, therefore *Riley* applies retroactively. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987); *Ex parte Keith*, 202 S.W.3d 767, 769 (Tex. Crim. App. 2006) (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)). In *Riley*, the Supreme Court held that a search of the contents of a cellphone did not fall within any well-settled exception to the Fourth Amendment's warrant requirement. *See Riley*, 134 S. Ct. at 2477. Although searches incident to arrest are reasonable in limited circumstances—to protect the officer's safety or to prevent the destruction of evidence—the Court held searching the data in a cellphone did not further those interests; arrestees could not use cellphone data as a weapon and seizing a cellphone was sufficient to prevent destruction of evidence contained in the data. *See id.* at 2478. Thus, the Supreme Court held a warrantless search of a cellphone's contents was not justified as a search incident to arrest. *Id.* at 2478–79.

–3–

For Constitutional errors, we "must reverse a judgment of conviction or punishment unless [we] determine[] beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). In performing this analysis, we consider the entire record and a number of nonexclusive factors, such as the nature of the error, the extent it was emphasized by the State, the probable implications of the error, and the weight a juror or fact-finder would probably place on the error. *See Snowden v. State*, 353 S.W.3d 815, 821–22 (Tex. Crim. App. 2011). "At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment.'" *Snowden*, 353 S.W.3d at 822 (quoting TEX. R. APP. P. 44.2(a)). Constitutional error does not contribute to the conviction or punishment if the conviction and punishment would have been the same even if the erroneous evidence had not been admitted. *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007).

The record indicates Bowman pleaded true to the allegations of possession of a firearm while on community supervision, possession of drug paraphernalia, testing positive for a number of drugs, not avoiding persons or places of a disreputable or harmful character, and missing a meeting with his supervising officer. The drug paraphernalia found in Bowman's car corroborated Bowman's pleas of true. The trial court stated that Bowman was put on community supervision on a "zero tolerance" basis.

The prosecutor briefly mentioned the cellphone photographs during her closing argument. The trial court questioned Bowman about having received shock probation, his release from the Substance Abuse Felony Punishment Facility drug treatment program just six months before his arrest, and his drug relapse during his probation. She asked Bowman many questions about his attempts at rehabilitation. Bowman testified he relapsed and began using illegal drugs

again about six months after completing SAFPF. The trial court commented that in addition to testing positive for a number of drugs, including opiates, codeine, and morphine, he took pictures of himself posing with firearms. Although Bowman attended some Narcotics Anonymous meetings, he did not complete the twelve-step program. The trial court indicated she took a chance with Bowman by placing him on community supervision and drug treatment and despite the fact that he failed to complete the terms of his probation he was asking to be continued on community supervision.

Based on the entire record, including the violent nature of the three underlying offenses, the number of violations alleged and supported by the record, the cumulative nature of the photograph evidence, Bowman's admitted drug use, his failure to complete the terms of his community supervision, and his pleas of true, we determine the trial court's decision to revoke community supervision and assess punishment would have been the same even if the photographs had not been admitted. Therefore, we conclude beyond a reasonable doubt the error did not contribute to the convictions or punishment. Accordingly, we overrule Bowman's first issue.

In his second and third issues, Bowman requests modifications to two of the judgments to reflect there was no plea bargain agreement. In issues four, five, and six, Bowman requests modifications to the judgments to incorporate the proper motions to revoke and adjudicate guilt. The State concedes the judgments should be modified as requested. The record reflects Bowman pleaded guilty without a plea bargain agreement. The record also reflects the trial court ruled on the State's amended motions to revoke or adjudicate guilt in each of the cases. We have authority to modify a trial court's judgment to accurately reflect the proceedings below. *See* TEX R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Accordingly, we sustain

Bowman's second through fourth and sixth issues, which relate to cause numbers F-10-35883-W and F-10-35928-W. We need not reach the fifth issue in light of our vacating the judgment of revocation and order placing Bowman on community supervision in cause number F-10-35927-W.

We vacate the trial court's order placing Bowman on shock community supervision and the judgment revoking community supervision in cause number F-10-35927-W. We reinstate the sentence in the trial court's original judgment in that case. We modify the trial court's judgments in cause numbers F-10-35883-W and F-10-35928-W, and affirm the trial court's judgments in those cases as modified.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
131742F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH WYLIE BOWMAN, Appellant

No. 05-13-01741-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-10-35883-W.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The words "20 YEARS PENITENTIARY" below the printed words "Terms of Plea Bargain:" on the first page of the judgment are **DELETED**.

Item (5) in the first paragraph on the second page of the judgment is **REFORMED** to read as follows:

> (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:

> See the December 16, 2013 Amended Motion to Revoke Probation or Proceed with Adjudication of Guilt.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of February, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

KEITH WYLIE BOWMAN, Appellant

No. 05-13-01742-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-35927-W.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's December 16, 2013 Judgment Revoking Community Supervision and the Order Placing Defendant on Probation Under Article 42.12, Section 3(e) Code of Criminal Procedure signed January 23, 2012 are **VACATED**. The sentence in the trial court's Judgment of Conviction by Court—Waiver of Jury Trial signed August 25, 2011 is **REINSTATED**.

Judgment entered this 5th day of February, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH WYLIE BOWMAN, Appellant

No. 05-13-01743-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-10-35928-W.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The words "20 YEARS PENITENTIARY" below the printed words "Terms of Plea Bargain:" on the first page of the judgment are **DELETED**.

Item (5) in the first paragraph on the second page of the judgment is **REFORMED** to read as follows:

> (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:
>
> See the December 16, 2013 Amended Motion to Revoke Probation or Proceed with Adjudication of Guilt.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of February, 2015.